UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENII KOSHELEV,<br><br>                      Petitioner,<br><br>v.<br><br>JOHN DOE, WARDEN OF THE OTAY MESA DETENTION CENTER; ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), A COMPONENT OF DEPARTMENT OF HOMELAND SECURITY,<br><br>                      Respondents. | Case No.: 3:26-cv-1529-JES-MSB<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br><br><br>**[ECF NOs. 1, 2]** |

Before the Court is Petitioner Evgenii Koshelev's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for Immediate Release or, alternatively, for a Bond Hearing ("Motion"). ECF Nos. 1, ("Pet."), 2. Pursuant

to the Court's Order to Show Cause, Respondents (the "Government") filed the Response, a Notice which expressed its non-opposition to a bond hearing for Petitioner. ECF Nos. 5.

## I.    BACKGROUND

Petitioner, a Russian national, was apprehended by Respondents and has been subjected to mandatory detention since October 14, 2025. Pet. at 1-2. Petitioner is currently being held at the Otay Mesa Detention Center. *Id*. Petitioner contends that, to date, Respondents have not provided him with a bond determination hearing. *Id*. Accordingly, Petitioner seeks habeas relief, contending that his continued detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution. *Id*.

## II.    DISCUSSION

### A.    Jurisdiction

Although Respondents do not challenge jurisdiction, the Court will address it *sua sponte*. This very issue was discussed by the undersigned in a prior decision, *Martinez Lopez v. Noem, et al*. No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow its reasoning in *Martinez Lopez* and incorporates it by reference. *Id*. at * 2; *see also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding the same).

Based on the facts of this Petition, the Court finds that 8 U.S.C. § ("Section")1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas petition. Further, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. Thus, the Court finds that it has jurisdiction to hear the Petition.

### B.    Petitioner is Entitled to a Bond Hearing

Petitioner argues that by continuing to detain him, without providing him with bond hearing, the Government is violating his due process rights. Pet. at 1-2. In its Notice, the Government indicates that it does not oppose the Court granting Petitioner a bond hearing. ECF No. 5. Accordingly, the Court holds that Petitioner is entitled to, and will order Respondents to provide him with, a bond hearing.

//

**C.      Which Statute's Standard Applies to the Bond Hearing**

Having established that Petitioner is entitled to a bond hearing, the Court must now determine which detention statute's (i.e., Section 1225(b) or Section 1226(a)) standard the immigration judge will apply in said hearing.

Here, Petitioner alleges to have no criminal history, established residence in the United States, strong community ties, and complied with all prior immigration requirements. Pet. at 2. While Petitioner fails to identify his immigration status, prior to being detained, he avers that the Government has failed to show any changed circumstances, violation of conditions, or lawful justification which warrant his continued confinement. *Id.*; *see generally* Pet. On the one hand, construing these facts liberally, the Court can reasonably infer and find—although, at this time, it does not do so—that Petitioner was previously released from immigration custody on either bond or conditional parole. *See* U.S.C. §§ 1226(a)(2)(A)-(B); *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But on the other hand, Petitioner does not allege that he was apprehended while in the interior of the country, and not at the border. This omission cuts against Petitioner's detention being governed by Section 1226(a).

It is also reasonable for the Court to infer that Petitioner's detention is governed by Section 1225(b). This is because of the length of Petitioner's detention (i.e., since October 14, 2025, or more than five months) and one of Petitioner's allegations. *See* Pet. at 1; *id.* at 2 ("ICE has failed to provide Petitioner with an individualized bond hearing at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner poses either a danger to the community or a flight risk."). Such a lengthy detention, without the provision of a bond hearing, is, generally, appropriate for a noncitizen that is detained under either Section 1226(c), 1225(b)(1), or 1231. But also, the standard under which Petitioner requests his sought-after bond hearing to be conducted, supports the notion that Petitioner is, indeed, detained under Section 1225(b). Pet. at 2; *see Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690, at * 5 (S.D. Cal. Mar. 5, 2026) (holding that in a bond determination hearing under § 1225(b), to justify Petitioner's continued

3

confinement, the government has the burden of showing that Petitioner is a flight risk or a danger to the community, by clear and convincing evidence).

Thus, as it stands, the record lacks sufficient information to for the Court to establish which detention statute Petitioner is currently subject to, and which applies to his forthcoming bond hearing. Accordingly, the Court seeks clarification from the parties and **ORDERS** the parties to submit any additional evidence and/or briefing on this issue by no later than **March 24, 2026**.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Honorable James E. Simmons Jr.
United States District Judge

4