UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENII KOSHELEV,<br><br>                            Petitioner,<br><br>v.<br><br>JOHN DOE, WARDEN OF THE OTAY MESA DETENTION CENTER; ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), A COMPONENT OF DEPARTMENT OF HOMELAND SECURITY,<br><br>                          Respondents. | Case No.: 3:26-cv-1529-JES-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT PETITIONER'S MOTION FOR IMMEDIATE RELEASE**<br><br>**[ECF NOs. 1, 2]** |

Before the Court is Petitioner Evgenii Koshelev's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"), and Motion for Immediate Release or, alternatively, for a Bond Hearing ("Motion"). ECF Nos. 1, ("Pet."), 2. Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response, a Notice which expressed their non-opposition to a bond hearing for Petitioner. ECF No. 5.

//

//

1

## I.    BACKGROUND

On March 20, 2026, the Court issued an order in which it: (1) set forth the factual background of this Petition; (2) found that it had jurisdiction over this matter; (3) found that Petitioner is entitled to a bond hearing; and (4) ordered the parties to provide supplemental briefing regarding which detention statute (i.e., 8 U.S.C. §§ ("Section") 1225 or 1226) governed Petitioner's detention. *See* ECF No. 6. The Court made this request to determine which standard would apply in Petitioner's bond hearing. For the reasons set forth below, the Court **GRANTS** the Petition.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

The pro se drafted Petition contains several factual gaps. *See generally* Pet. For example, the circumstances surrounding where and how he was detained, and whether he had some immigration status prior to his current detention are absent. *Id*. As a result, the Court construed the Petition liberally and inferred that Petitioner could reasonably be detained under either detention statute. *See Evgenii Koshelev, V. Doe*, No. 3:26-CV-1529-JES-MSB, 2026 WL 785536, at *2-3 (S.D. Cal. Mar. 20, 2026).

3:26-cv-1529-JES-MSB

On March 24, 2026, Respondents filed supplemental briefing, stating the following: "Petitioner entered the United States on or about September 13, 2023 and was released on parole on October 28, 2023. It is Respondents' position that Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2)." ECF No. 7. The Government's response makes clear that Petitioner had an immigration status—here, he was granted parole—prior to being detained in October 2025. Petitioner's prior parole status gives the Court pause in ordering Petitioner's bond hearing because this remedy would be inferior to that which would be available resulting from an unlawful deprivation of a liberty interest. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025) (holding that noncitizen's parole cannot be revoked without first affording them with notice and an opportunity to be heard).

The Court finds that this issue has been addressed by the undersigned in a recent decision, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Therefore, the Court, elects to follow the reasoning it stated in *Gergawi* and incorporates it by reference. *Id*.

In 2023, Petitioner was released on parole from Respondents' custody. *See* ECF No. 7. The Court notes that it is unspecified whether he was granted parole under 8 U.S.C. § 1182(d)(5)(A) or conditional parole under *Id*. § 1226(a)(2). However, the Court need not clarify this detail because the procedural safeguards for both are the same. *See, e.g.*, 8 U.S.C. § 1182(d)(5)(A) (proscribing the revocation of parole unless a government official gives notice and makes certain findings); 8 C.F.R. § 212.5(e)(2)(i) (proscribing same); *Gergawi*, 2025 WL 3719321, at *3-4 (finding that conditional parole may only be revoked after first providing noncitizen with notice and an opportunity to be heard). Therefore, the Court finds that Respondents' conduct—releasing Petitioner on parole—resulted in Petitioner's acquisition of a liberty interest in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1031.

Petitioner claims that, to date, he has not received a bond hearing and that "[t]he Government has failed to show any changed circumstances, violation of conditions, or lawful justification warranting continued confinement." Pet. at 2. Accordingly, the Court

3:26-cv-1529-JES-MSB

finds that the Respondents failed to provide Petitioner with notice and opportunity to be heard prior to revoking his parole, when he was detained in October 2025. In doing so, Respondents violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5; *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 2025). As a result, the Court will order Petitioner's immediate release.

## IV.    CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241;

(2) In light of the Court's ruling on the Petition, it **DENIES AS MOOT** the Petitioner's Motion for Immediate Release.

(3) Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of her preexisting conditional parole;

(4) The Parties are **ORDERED** to file a Joint Status Report on or before **March 30, 2026**, confirming that Petitioner has been released; and

(5) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 26, 2026

Honorable James E. Simmons Jr.
United States District Judge

4